```
                 UNITED STATES DISTRICT COURT
             FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KEVIN GEORGE,                       : CIVIL NO: 1:CV-06-01554
                                    :
          Plaintiff                 :
                                    : (Chief Judge Kane)
     v.                             :
                                    : (Magistrate Judge Smyser)
WARDEN THOMAS HOGAN and             :
COMMISSIONER STEVE CHRONISTER,      :
                                    :
          Defendants                :
```

## REPORT AND RECOMMENDATION

The plaintiff's *pro se* complaint was filed on August 10, 2006. An amended complaint was filed on October 30, 2006. (Doc. 11). The defendants are Thomas Hogan, Warden, York County Prison, and Steven Chronister, identified as York County Prison Commissioner.

The amended complaint pleads that Kevin George was re-admitted on March 2, 2006 to the York County Prison as an ICE detainee. After classification, he was made to sleep on a bare floor of the pre-classification day/dining room by the approval and directive of both defendants. He was assigned a sleeping location at the edge of an elevated platform. During the night

he fell about four feet to the lower floor level and was injured.

He alleges also a June 15, 2006 incident when, being housed in the prison's gym, he and other prisoners there did not have adequate bath and toilet facilities.  He characterizes the gym confinement as "cruel, unhealthy and unusual."  His pre-existing poor health conditions were negatively affected, and he seeks compensatory damages.

He challenges the conditions of his confinement as having violated his federally protected rights.

The defendants filed an answer to the amended complaint on December 29, 2006. (Doc. 15).  A Case Management Order was entered on January 8, 2007. (Doc. 16).

The plaintiff filed motions on May 29, 2007 (Doc. 22) and June 7, 2007 (Doc. 23) seeking orders compelling discovery, and an order compelling discovery has been entered. (Doc. 30).

The defendants filed a motion for summary judgment (Doc. 25, filed July 10, 2007), a supporting brief, a LR 56.1 statement of facts and exhibits.  The plaintiff filed a brief in opposition. (Doc. 29).

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed.R.Civ.P. 56(c). The moving party bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The moving party may discharge that burden by "'showing'-- that is, pointing out to the district court -- that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.  Once the moving party has met its burden, the nonmoving party may not rest upon the mere allegations or denials of its pleading; rather, the nonmoving party must "set forth

3

specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e).

An issue of fact is "'genuine' only if a reasonable jury, considering the evidence presented, could find for the non-moving party." *Childers v. Joseph*, 842 F.2d 689, 693-94 (3d Cir. 1988) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). A material factual dispute is a dispute as to a factual issue that will affect the outcome of the trial under governing law. *Anderson*, *supra*, 477 U.S. at 248. In determining whether an issue of material fact exists, the court must consider all evidence in the light most favorable to the non-moving party. *White v. Westinghouse Electric Co.*, 862 F.2d 56, 59 (3d Cir. 1988).

"[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex, supra*, 477 U.S. at 322. "Under such

4

circumstances, 'there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.'" *Anderson v. CONRAIL*, 297 F.3d 242, 247 (3d Cir. 2002)(quoting *Celotex, supra*, 477 U.S. at 323).

The motion for summary judgment is based in part upon the position that plaintiff did not exhaust the prison's administrative grievance procedure.

It is a material undisputed fact that the plaintiff's incarceration was as "a federal prisoner being held by the immigration service." (Doc. 27, No. 1).  The plaintiff asserts that as an ICE detainee he was not a "prisoner" as defined in 42 U.S.C. § 1997e(h), and was not subject to the exhaustion requirement.  Under 42 U.S.C. § 1997e(h), a "prisoner" means "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violation of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program.

As an ICE detainee, the plaintiff was not a "prisoner" as defined in 42 U.S.C. § 1997e(h).  Even though he was charged in Philadelphia at the time with a criminal violation, and was later convicted, it is not in dispute that his York County custody was as an ICE detainee.  His York County custody was not based upon the Philadelphia charge or the Philadelphia conviction.  Therefore, since the exhaustion requirement under 42 U.S.C. § 1997e is not applicable to one who is not a "prisoner" as defined for purposes of that statute, the defendants are not entitled to summary judgment on the basis that the plaintiff did not exhaust administrative remedies.

The defendants argue that they are entitled to summary judgment because neither of them was personally involved in a deprivation of the federally protected rights of the plaintiff. They assert that the plaintiff is seeking to establish liability on their part on the basis of the doctrine of *respondeat superior*.

"Liability may not be imposed under § 1983 on the principle of *respondeat superior*." *Hetzel v. Swartz*, 909 F.Supp.

6

261, 264 (M.D. Pa. 1995). Liability under 42 U.S.C. § 1983 may only be based upon a defendant's personal involvement in conduct amounting to a constitutional violation. *Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077, 1082 (3d Cir. 1976). The complaint must contain averments of the involvement of the defendants in the conduct which caused a violation of the plaintiff's constitutional rights. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). A 42 U.S.C. § 1983 action against state supervisory officials requires allegations that the defendants actually participated in or had actual knowledge of and acquiesced in the events forming the basis of the claims. *Egan v. Concini*, 585 F. Supp. 801, 804 (M.D. Pa. 1984).

The plaintiff, in opposition to the defendants' assertion of a lack of personal involvement, argues that the defendants are personally involved in the housing practice of housing some local inmates and immigration detainees in the "unhealthy and unsafe bare floors of the 'Old-South' pre-classification units/pods and the 'New Gym' unauthorized housing areas."

The essence of the plaintiff's cause of action is reasonably construed to be that alleged overcrowding at the institution and measures taken because of the overcrowding resulted in serious deprivations and injuries.  The plaintiff's claim is not that in a particular singular incident involving injury to him he received inadequate or indifferent treatment of that injury.  Construing this complaint as stating a claim based upon injuries allegedly attributable to prison overcrowding, the personal involvement of the defendant Warden and the defendant County Commissioner may reasonably be inferred.  While these defendants may not have been personally involved in decisions or actions affecting the plaintiff in particular, their personal involvement in decisions and actions affecting the treatment of prisoners in times of prison overcrowding is not negated and is reasonably inferred from their official positions.

The plaintiff filed motions to compel discovery, which have been granted in part by order of August 10, 2007.

The plaintiff asserts that some of the discovery that he is seeking to accomplish will produce evidence relevant to the

issues of overcrowding and related effects.  The fact that discovery is not complete renders inapplicable the principle in *Celotex, supra,* that, when discovery is complete, the failure of a party having the burden of proof upon a certain factual contention to produce evidence in opposition to a summary judgment motion which could reasonably carry the burden justifies the grant of the summary judgment motion.

    Accordingly, it is recommended that the defendants' motion for summary judgment be denied.

                                             ***/s/ J. Andrew Smyser***
                                               J. Andrew Smyser
                                               Magistrate Judge

Dated:  August 20, 2007.