IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEVIN GEORGE | : | |
| | : | Civil Action No. 1:06-cv-01554 |
| Plaintiff | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| WARDEN THOMAS HOGAN et al., | : | |
| | : | |
| Defendants | : | |

## MEMORANDUM

Before the Court is Plaintiff Kevin George's motion for leave to proceed on appeal *in forma pauperis*. (Doc. No. 48.) For the reasons that follow, the motion will be denied.

**I.   BACKGROUND**

On August 10, 2006, while incarcerated at Curran-Fromhold Corrections Facility ("CFCF") in Philadelphia, Pennsylvania, Plaintiff Kevin George filed a lawsuit in this Court. (Doc. No. 1.) His complaint concerns injuries he allegedly suffered while he was being detained at York County, Pennsylvania Prison ("YCP") at the behest of Immigration and Customs Enforcement ("ICE"). George filed an amended complaint on October 30, 2006 (Doc. No. 11), and, on December 29, 2006, the Defendants answered the complaint (Doc. No. 15).

The Defendants moved for summary judgment on July 10, 2007, alleging that George had, *inter alia*, failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA").[1] (Doc. No. 25, at 6–10.) Magistrate Judge J. Andrew Smyser subsequently issued a Report and

---

[1] "No action shall be brought with respect to prison conditions under [42 U.S.C. §] 1983 . . . , or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

Recommendation (Doc. No. 31) recommending that the Court deny Defendants' motion because the events prompting George's suit occurred while he was in ICE custody and ICE detainees are not prisoners under the PLRA, 42 U.S.C. § 1997e(h).  In an order issued March 31, 2008, the Court rejected the Report and Recommendation pursuant to 28 U.S.C. § 636(b) and granted Defendants' motion for summary judgment because (1) at the time he filed suit, George was incarcerated at CFCF awaiting trial on state criminal charges, to the effect that he was a prisoner under the PLRA, and (2) George had failed to exhaust his available administrative remedies. (Doc. No. 42.)

George timely filed a notice of appeal and a motion to proceed *in forma pauperis* on May 6, 2008.  (Doc. Nos. 44 & 45.)  The Court struck the motion without prejudice because George's attached affidavit of poverty was incurably deficient under the standards of Federal Rule of Appellate Procedure 24.  (Doc. No. 47.)  George filed a more detailed affidavit on July 15, 2008. (Doc. No. 48.)

## II.   DISCUSSION

Any party to a district court action seeking to appeal *in forma pauperis* must file a motion in the district court demonstrating an inability to pay filing fees and costs, claiming an entitlement to redress, and stating the intended issues for appeal.  Fed. R. App. P. 24(a). "The *in forma pauperis* statute 'is designed to ensure that indigent litigants have *meaningful* access to the federal courts.'" Deutsch v. United States, 67 F.3d 1080, 1084 (3d Cir. 1995) (quoting Neitzke v. Williams, 490 U.S. 319, 324 (1989)).  However, as courts and commentators have long recognized, the removal of monetary barriers has the potential to create a "tidalwave [sic] of frivolous or malicious motions filed by persons who [give] no pause before crossing the

threshold of the courthouse door." McTeague v. Sosnowski, 617 F.2d 1016, 1019 (3d Cir. 1980).

To guard against a potential flood of meritless *in forma pauperis* filings, the statute directs district courts to dismiss a case at any time upon a determination that the action or appeal is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Similarly, district courts have discretion to screen prisoners' complaints, 28 U.S.C. § 1915A, and to deny leave to proceed on appeal *in forma pauperis*, Fed. R. App. P. 24(a). The PLRA broadened courts' discretion under the statute in two important ways. First, dismissal of a frivolous or malicious action or appeal by the court is now mandatory.[2] Second, prisoners are required to pay the costs of filing in installments whereas under the previous statute, the filing fees were waived in their entirety.

The Third Circuit uses an objective standard in determining whether an appeal is frivolous. Quiroga v. Hasbro, Inc., 943 F.2d 346, 347 (3d Cir. 1991) (citing Hilmon Co. v. Hyatt Int'l, 899 F.2d 250, 253 (3d Cir. 1990)). "An appeal is frivolous if it is wholly without merit." Id.; cf. Black's Law Dictionary (8th ed. 2004) (defining frivolous as "lacking a legal basis or legal merit; not serious; not reasonably purposeful").

Although George has plead sufficient evidence of poverty, the issues he raises on appeal, even when liberally construed, are frivolous. In a previous order, the Court determined that

---

[2] Compare 28 U.S.C. § 1915d (1994) ("The court . . . may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious.") with id. § 1915(e)(2)(iii) (2000) as amended by Pub. L. 104–134 ("[T]he court shall dismiss the case at any time if the court determines that the action or appeal is frivolous or malicious.")

George's claims lacked merit because he failed to exhaust his administrative remedies as required by the PLRA. In his appeal, George seeks "judicial clarity" (Doc. No. 48, at 3)—essentially an ex post facto adoption of the Report and Recommendation—a report which failed to consider George's location when he brought the lawsuit. George admits that he was incarcerated at CFCF when he filed his complaint, and he has failed to provide a legal basis for reversing the Court's earlier ruling. All the same, George would have an appeals court adopt an interpretation of the PLRA that is contrary to the plain meaning of the statute, the statute's legislative history, and the decisions of every court that has interpreted the PLRA. Under the *in forma pauperis* statute a prisoner must, at the very least, show that there is some legal basis for his claim or appeal. In this regard, George has failed. As an additional matter, the Court notes that George failed to complete the Middle District of Pennsylvania's standard form to proceed *in forma pauperis*. Specifically, George failed to indicate his by mark or initials that he is "willing to pursue [his] claims in this action under the new provisions of the Prison Litigation Reform Act . . . ," the first step of the form.

      For the foregoing reasons, the Court will deny George leave to proceed *in forma pauperis* on appeal.[3] George may appeal the judgment in his case, but he must bear the filing fees and associated costs.

---

[3] The Third Circuit, when addressing *in forma pauperis* appeals, first determines whether the appellant has established that he cannot afford the filing costs and then separately determines whether to dismiss the appeal. E.g., Azubuko v. Royal, 443 F.3d 302, 303 (3d Cir. 2006). In contrast, this Court may deny leave to proceed *in forma pauperis*, but it lacks jurisdiction to dismiss an appeal.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **KEVIN GEORGE** | : | |
| | : | **Civil Action No. 1:06-cv-01554** |
| **Plaintiff** | : | |
| | : | **(Chief Judge Kane)** |
| v. | : | |
| | : | |
| **WARDEN THOMAS HOGAN et al.,** | : | |
| | : | |
| **Defendants** | : | |

## ORDER

**AND NOW**, on this 20th day of October, 2008, upon due consideration of Kevin George's motion for leave to proceed *in forma pauperis*, and for the reasons set forth in the memorandum filed herewith, **IT IS HEREBY ORDERED THAT** the motion for leave to proceed *in forma pauperis* is **DENIED**.

    S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania

1